<hr/>

# SUPREME COURT.

## WALLER agt. RASKAN.

A cause of action arising on contract, cannot be united with one arising in *tort*.

When they are so united, the objection should be taken by demurrer.

Where, however, two or more causes, proper to be united, are stated in the same complaint, they must be stated separately; each by itself.

If they are not so stated, but are blended or intermingled in the statement, the objection should be taken by motion, under § 160 of the Code.

On such a motion, the party objecting may strike out, as irrelevant, all matter not applicable to a single cause of action.

Where two causes are thus stated, either may be struck out, and the party moving may elect as to which he will move.

It is no objection to the motion, that if it be allowed, the pleading thus preserved will be demurrable; as that the contract counted on is void as being within the statute of frauds.

The party thus moving need not select so as to leave standing, in his adversary's pleading, the cause of action which he may seem most likely to establish on the trial, but may move against either.

*New-York Special Term, Dec.,* 1855.

THE plaintiff, in this complaint, averred a sale of goods by himself, on credit, to one Dentz; that plaintiff was, at the time,

Waller agt. Raskan.

unacquainted with Dentz, or his means or circumstances; that he was induced to make the sale by certain representations of defendant, that Dentz was solvent and responsible, in good pecuniary circumstances, and worthy of credit, and would undoubtedly pay any amount with which plaintiff might credit him; that these representations were untrue, and were known to be so by defendant at the time, and were fraudulently made, and plaintiff was thus defrauded, &c.; that defendant guarantied the payment for said goods by Dentz, and that they had not been paid for; the whole being stated together as one cause of action, and without intimating that they were to constitute more than one.

ALLEN, HULL and STOCKER, *for plaintiff.*
WM. M. BAYARD, *for defendant.*

PEABODY, Justice. This is a motion to strike out parts of a complaint, as irrelevant and redundant; and also because the parts objected to, state matters of fraud and deceit; and are, therefore, inconsistent with the summons, which is in the form used to commence actions for money demands on contract. The parts which defendant insists should be stricken out, are averments that defendant, on the occasion of a sale of goods to one Dentz, falsely and fraudulently made certain representations, respecting the solvency, pecuniary ability, and credit of said Dentz, which was false, with intent to mislead and deceive plaintiff, and that they had that effect by inducing plaintiff to sell him property on credit.

The rest of the complaint states a contract by defendant to guaranty the payment to plaintiff of the debt thus incurred by Dentz, and the parts applicable to the different causes of action are intermingled in the pleading. The two relate to the same sale; and on one theory the plaintiff would recover the price of the goods as the measure of the damages sustained by him, by reason of the misrepresentations of defendant; and on the other, he would recover the same amount of defendant, on the contract to guaranty the debt of Dentz.

Waller agt. Raskan.

The causes of action being based, one in tort and the other in contract, are improperly united in one suit; but they are also each of them badly pleaded, inasmuch as they are not separately stated as separate causes of action, but are blended; and the two are stated together, as would only be proper, if they were intended to constitute but one cause of action. It is contended that the defendant should have demurred, and that, on a demurrer, he would have found the natural and adequate remedy, but that he cannot have relief on this motion. I think a demurrer would perhaps have been preferable, but he has chosen a different course, and the question to be decided is, whether he can have the relief he seeks in this form of proceeding?

The pleading is doubtless bad, and must be purged; and it is the duty of the court to give the relief, if not inconsistent with the rules regulating the practice in this respect.

The motion proceeds on the theory, that the plaintiff, having planted himself on the contract, the matter of fraud and deceit is irrelevant. It certainly is so, on this theory; and I think that the practice of the defendant, in resorting to this motion, is correct, and should be sustained.

The plaintiff having thrown these facts together in his complaint, without stating in words, or indicating by any arrangement of them, whether they were designed as the basis of one or more causes of action, the defendant is at liberty to treat them as constituting, in the intent of the pleader, only one cause; and I think, moreover, that he may elect which of the causes he will consider as intended—whether that on the contract, or that in the tort; and that, having taken his position, he may require that all matters not relevant to that cause be stricken out. The rule, that where facts are so stated in a pleading as to leave it doubtful whether they are intended to constitute one or more causes of action or defences, the party against whom they are pleaded is at liberty to have all, not material to one cause of action or defence, stricken out as irrelevant, is salutary, and should be liberally applied.

In a case like the present, I think that the defendant should

be at liberty to avail himself of either this motion or a demurrer, notwithstanding the two proceed on opposite theories; that of the demurrer being, that plaintiff intended to state two causes of action; and that of the motion being, that he intended all the facts for one cause; and if he adopt the motion, he may elect which of the causes of action he will consider plaintiff as going on, either the contract or the tort, as he may please; and having elected, he may demand, that all matter not relevant to that cause, be stricken out.

It is true, that after striking out this, other matter, liable to the same objection, remains in the complaint; and it is also true, that, with this matter out, the complaint will be demurrable—the contract counted on being within the statute of frauds; but neither of these is a good reason for retaining the objectionable matter; nor is the latter a reason for requiring the defendant to move as to the matter constituting the other cause of action, viz., that on the guaranty, rather than this on the tort.

Courts, while they discourage unnecessary motions on the subject of practice, will never shut their ears to appeals like the present, for the correction of pleadings in matters of substantial importance; and where such correction is necessary to make it answer the ends of justice, in stating intelligibly and definitely the facts claimed to constitute a cause of action or defence, and thereby enabling the adverse party to know what he is to meet by his pleading and on the trial.

They will rather, in this manner, encourage and cultivate a more accurate and higher standard of pleading, by favoring and applying, beneficially to the party oppressed, the remedies he may invoke, so far as is consistent with established rules on the subject.

The order asked must be entered, with liberty to the plaintiff, within twenty days, to amend his complaint.