THE BOARD OF COMMISSIONERS OF JACKSON COUNTY v. WARD S. HOAGLIN.

*Error from Jackson County.*

1. PLEADINGS: STATEMENT OF ACTION.—The petition states that the county board of Jackson county, at divers and sundry times during the space of four or five years, illegally issued county orders to the defendant, who drew the money on them from the county treasury, and converted the same to his own use. *Held:* That if the petition states any cause of action, it states as many separate and distinct causes of action as there are separate and distinct convertions of the public funds.
2. ID: NUMBERING COUNTS OF.—When the petition states several of such causes of action in one count, without separately stating or numbering them, the court may by an order require that the plaintiff shall separately state and number each of them.
3. ID: DISMISSING ACTION.—And if the plaintiff fail to comply with such order, the court may then dismiss the plaintiff's action.*

The facts of the case sufficiently appear in the opinion of the court.

*DEFINITIONS.—Proceedings used in § 382, civil code, '59, [Comp. L., 187,] defined any proceedings in a case including an order that the plaintiff state his causes of action separately and number them.

*Martin & Burns,* for plaintiff in error.

*Otis & Glick,* for defendant in error.

*For plaintiffs, Martin & Burns* made the following points :

1.   The amended petition contained but two causes of action, and they were separately stated as required by section 95, civil code of '59.   *Comp. L.,* 139.

As to what is a cause of action, see Swan's Pleadings and Practice, 32.

2.   The word "proceedings" in subdivision 5, section 382, civil code '59, [*Comp. L.,* 187] has no reference to the form of the pleadings, but applies solely to the mode of carrying on a suit by due course of law.   "Pleadings" are defined, "the written statements by the parties of the facts constituting their respective claims and defenses." [§ 91.]   "Proceedings" certainly means something else. The word is used in the code in contradistinction to pleadings.   § 147; *see also L.* '65, *p.* 131, § 1, *amending* § 147, *Civil Code* '59.

3.   In all cases, except "proceedings," and those otherwise provided for in section 382, the case must be tried upon the merits.

4.   The plaintiff was not in default or in contempt of the order of the court; if the order was erroneous, or if the amended petition filed in pursuance of said order was yet a valid petition under the code.

5.   No action was taken raising a question of the sufficiency of the petition, or whether there was sufficient facts stated to constitute a cause or causes of action.

*Otis & Glick, for defendant,* submitted:

1.   The term of office of the probate judge was two years.   [*Art.* 3, § 8, *Const., Comp. L.,* 58.]   The petition

in this case contained, in one count several and distinct acts running through the whole of several terms of office. The acts of one term can have no relation to those committed during another. To make allowances by a board of commissioners to a probate judge is not a matter of running account. The allowing of each county order, mentioned in the petition, was an act independent of all others, and was the basis of a distinct cause of action, if one existed at all. To each such act the defendants below might plead the statute of limitations, or any other distinct defense. To include several such causes of action in one count was a proper subject matter of an order of the court, on motion of the defendants below.

2. The court having, on a proper motion, ordered the several causes of action contained in the petition to be separately set forth, and the plaintiff below having failed to comply with such order, the court was bound in the exercise of a sound discretion to dismiss the action. *Comp. L.*, 187, § 382; see *Forsyth v. Edminston*, 11 *How. Pr. R.*, 408; *Secor v. Sturgis*, 16 *N. Y.*, 548; *Sturgis v. Burton*, 8 *O. St.*, 218; *Hartford Tp. v. Bennett*, 10 *O. St.*, 441; *Seney's Code*, 112, *Notes.*

*By the Court,* VALENTINE, J.

On the tenth day of September, 1866, the plaintiff in error brought an action in the district court of Jackson county against the defendant in error, for the sum of $2,299.86.

On the 12th day of April, 1867, the plaintiff, with leave of the court, filed an amended petition.

The defendant then moved the court to compel the plaintiff to specifically set forth and number the differ-

ent causes of action set forth in the petition. The court sustained the motion on the 13th day of April, 1867, and gave the plaintiff leave to make such amendment in ninety days. To this ruling of the court the plaintiff excepted. Afterwards on the 12th day of July, 1867, the plaintiff filed a second amended petition; and then the defendant filed another motion to compel the plaintiff to set forth and number his several causes of action, and also to compel the plaintiff to comply with the aforesaid order of the court. On the 5th day of October, 1867, the court, on the hearing of said motion, found that the plaintiff had not complied with said order and thereupon dismissed the plaintiffs action, to which ruling of the court the plaintiff excepted.

The questions involved in this case are as follows :

1. Did the petition of the plaintiff contain several causes of action not separately stated and numbered?

2. If it did, had the court power to require by an order that the same be separately stated and numbered ?

3. And if the court had such power, did the plaintiff fail to comply with said order?

4. And if the plaintiff did so fail, had the court power to dismiss the plaintiff's action for that reason? We think that all these questions must be answered in the affirmative.

PLEADINGS: Statement of causes of action. The original petition, and the amended petitions, in substance, state that the defendant was probate judge of Jackson county from January 1st, 1860, to the time this suit was commenced, and that while he was so acting as probate judge, the county board of that county, without any authority of law, issued to him divers and sundry county orders, on which he drew the money they called for from the county treasury and converted the same to his own use.

The original petition and the amended petitions each contain two counts. The first count of each charges the defendant with receiving certain of said county orders for salary, fees, etc., and shows that he received them from July 2d, 1860, to January 4th, 1865, at over twenty different and distinct times, and during three different terms of his office as probate judge. The second count of each charges the defendant with receiving other of said county orders for relief of the poor; and shows that he received them from November 7th, 1863, to November 10th, 1865, at seven different and distinct times, and during a part of two different terms of his said office. It is claimed by the plaintiff, that all these county orders were issued without any authority of law; and that it was illegal for the defendant to draw the money on them and convert the same to his own use. If this is true, it seems to us clear, beyond any doubt, that each separate and distinct illegal conversion of the public funds, furnished a distinct and separate cause of action.

The code of civil procedure provides [§ 95 *Comp. L.*, 139] that "where the petition contains more than one cause of action, each shall be separately stated and numbered," and it is certainly the duty of the court to enforce the law.

COUNTS OF PETI-
tion should be
numbered.

The code also provides [§ 382, *Comp. L.*, 187] that "an action may be dismissed without prejudice to a future action. * * * *

DISMISSAL OF AN
Action by the
Court.

*Fifth.* By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action." We suppose that the word "proceedings" in this connection means any proceedings in the case, notwithstanding the ingenious argument of the counsel for plaintiff in error. [*See* 4 *Kas.*, 501, 502.] It would be strange if it did not; strange indeed if the court has authority to make an

order, and no authority to enforce it; and stranger still, if the plaintiff may bid defiance both to the law and the court.

The decision of the court below is affirmed.

All the justices concurring.