THOMAS PIERCE v. I. S. BICKNELL.

1. SEPARATE CAUSES OF ACTION; *To be Separately Stated and Numbered.* Where two or more causes of action are stated in the same petition, and not separately stated or numbered, it is error for the court to overrule a motion of the defendant to require the plaintiff to separately state and number the several causes of action stated in his petition.

2. ———— *Facts Constituting Different Causes of Action.* In an action wherein B. was plaintiff and P. was defendant, the petition stated among other things, that P. and X. entered into a certain written contract, whereby, among other things X. agreed to build a certain house for P. for $3,000 compensation, which house X. was afterward to occupy as a hotel, and P. was to do certain other things upon the premises occupied by the hotel; that afterward X. and B. entered into a certain other written contract whereby among other things B. agreed to build said house, and to do certain other things for said X., and was to receive therefor the said $3,000 money compensation, to which arrangement P. orally assented; that afterward P. and B. entered into a certain parol contract whereby B. agreed to furnish extra material and do extra work on said house for P., for other and additional compensation; that B. did all he agreed to do, but P. did not pay him in full; that there still remains $350 due on the written contracts, and $1,472 on the parol contract— and plaintiff prays judgment for these amounts: *held,* that there are two causes of action stated in said petition, and said causes of action should have been separately stated and numbered.

*Error from Woodson District Court.*

BICKNELL brought suit against *Pierce* and Prutsman, and recovered judgment against *Pierce* alone. The facts, and

questions of practice arising in the case, are stated in the opinion. The action was tried at the March Term 1872 of the district court. *Pierce* brings the case here on error.

*Ruggles & Plumb,* for plaintiff in error:

1. The motion to compel the plaintiff below to separately and distinctly state the causes of action in his petition ought to have been sustained. There are three causes of action attempted to be stated in the petition, as follows: One against Prutsman as contractor, and Pierce as owner; one against Prutsman alone, as contractor; and one against Pierce for extra work and material outside the original contract; and these three several causes of action are so blended together that it is impossible to tell where one commences or ends, or another begins. A party must separately state and number his causes of action: Code, § 88; 12 How. Prac. Rep., 28; 11 id., 408; 5 Kas., 561. The motion to separately state and number should have been sustained. Every lawer, whether on the bench or off, knows that a cause of action badly or defectively pleaded, when mingled with another cause of action, or with extraneous matter, very often presents the appearance of a good cause of action, well pleaded; but when separated, and tested by the rules of pleading, it becomes bald and inconsequent. Besides, a party defendant may wish to demur to one cause of action, file a motion to another, and answer a third.

2. The defendant was entitled to have his motion to make more definite and certain sustained so as to show what the plaintiff below had done to make Pierce liable for the amount back on the contract. In a pleading to foreclose a mechanic's lien on specific real property the same certainty is required as in foreclosing a mortgage lien, viz.: the facts upon which a party relies to entitle him to a lien *must* be set forth. This was not done in this case, and there was no showing that anything had been done to fix the liability of Pierce, the owner, to Bicknell, the sub-contractor, except the mere allegation that Bicknell had filed "a statement" with the clerk

of the court, but what that "statement" was, is not shown.

3. There was error in the finding and decree that Bicknell was to have a *lien* on the real property. No judgment ought to have been rendered against Pierce in the condition of the pleadings. There is nothing to show that Pierce is or was liable for a dollar of the sum claimed to be back on the contracts. On the contrary the pleadings show that Prutsman was liable for the amount. Bicknell could only recover according to his allegations, and there is nothing in his petition to show that he was entitled to a lien on said premises for any amount, on either cause of action. He must plead all the antecedent steps necessary to fix the lien, and this was not done.

*Willard Davis*, for defendant in error:

1. There is but one cause of action. No more particularity need be stated in an action to foreclose a mechanic's lien than in an action for the recovery of real estate. It is alleged by defendant in error and admitted by plaintiff in error that the order or transfer from Prutsman to defendant in error was accepted by Pierce; and the record shows that after the assignment had been made, and while Bicknell was erecting the hotel, various changes as to the quality and quantity of materials and labor were made. By these means the former contract was so changed as to virtually destroy or annul it and change it into a contract between Pierce and Bicknell, and Pierce was directly responsible to Bicknell for the building of the hotel and the materials furnished. Bicknell was placed in the position of an original contractor, and could so file his lien. And his right to do this is shown by the admissions of Pierce in his answer. The notice required to be given by a sub-contractor in § 632 of the code, under which this lien statement was filed, was not necessary, as plaintiff in error treated defendant in error in all respects as an original contractor.

2. A copy of the lien statement was filed with the petition, and though the date of filing is not given, it is fair to pre-

sume that it was filed the same time the petition was. It is not necessary to make it a part of the petition. Its proper execution was a matter of proof, and the record shows that the lien statement had been placed upon record as required by law.

3. The court properly overruled the demurrer of plaintiff in error. The parties were properly joined. There was not an absolute assignment of the contract, but an order to pay the amounts due to defendant in error, as by the terms of the contract they would become due; yet the admissions in his answer, and actual acceptance in fact by Pierce, were tantamount to an absolute assignment. Prutsman was a necessary party on account of the transfer not being complete in form, although he was not interested directly in the result of the suit. There was no error in the judgment.

The opinion of the court was delivered by

VALENTINE, J.: The petition in the court below, together with the exhibits attached thereto, state among other things the following facts: The plaintiff in error, Thomas Pierce, (who was defendant in the court below,) and one J. A. Prutsman, who was also a defendant below, entered into a certain written contract as follows: Prutsman was to build a certain frame house for Pierce, for which he was to receive $3,000 as compensation, and Pierce was then to lease the house to Prutsman for a hotel for $1,000 per year. Pierce was also to make certain other improvements on the premises on which the hotel was to be built. After this contract was made Prutsman and the defendant in error, Bicknell, (who was plaintiff below,) entered into a certain other written contract as follows: Bicknell was to build said house for which he instead of Prutsman was to receive the said $3,000 compensation. Bicknell however was to do some extra work on the house; and furnish some extra material, for which he was not to receive any additional compensation. This extra work and material were specified in the written contract entered into between Prutsman and Bicknell. Prutsman also indorsed on

18—11 KAS.

the written contract between himself and Pierce the following written order, to-wit:

"Mr. Thomas Pierce will please make the payments specified in the within contract to I. S. Bicknell when the same become due and payable according to the terms thereof, and the terms of the sub-contract between said Bicknell and the undersigned.   Neosho Falls, April 25th, 1870.

"J. A. PRUTSMAN."

Pierce verbally assented to and accepted this order.  Bicknell built said house in accordance with the said two written contracts, and also with the consent and at the request of Pierce furnished other extra material for said house, and did other extra work thereon, which other extra work and material were not included in either of the said written contracts, and which extra work and material were worth $1,472.  Pierce made several payments to Bicknell for building said house, but there is still due thereon $350 on the two written contracts and the written order, and $1,472 on the parol contract between Pierce and Bicknell for the extra work and material.  Pierce refused to pay any of this amount, and Bicknell then sued both Pierce and Prutsman for the same.  Bicknell obtained a judgment against Pierce alone for $525.50, and this is the judgment which Pierce now by this petition in error seeks to have reversed.

The first error assigned is, that the court below erred in overruling the motion of the defendant below to require the plaintiff to separately state and number his several causes of action.  The petition below contained but one count.  All the foregoing facts were stated in this count, and in the exhibits attached thereto.  This count was divided into separate paragraphs, and the paragraphs were separately numbered.  But there is no pretense, that the several causes of action stated in said petition (provided more than one cause of action were stated therein,) were separately stated or numbered.  No attempt was made to separately state the different causes of action, but portions of different causes of action were blended in the same paragraph.  But the main question is, was there

more than one cause of action stated in said petition? If
there was, we suppose it will be conceded that the court below
erred in overruling the defendant's motion. Code, § 88;
*Jackson Co. v. Hoaglin*, 5 Kas., 558, 561, 562; *Forsyth v.
Edminston*, 11 How. Pr., 408; *Waller v. Raskan*, 12 How.
Pr., 28. We think there were certainly two causes of action
stated in said petition in favor of the plaintiff Bicknell and
against the defendant Pierce — one for the $350, due on the
original contract between Pierce and Prutsman, the order in-
dorsed thereon, and the contract between Prutsman and
Bicknell, and the other for $1,472 due on the verbal contract
between Pierce and Bicknell. And these two causes of action
should have been separately stated and numbered. It may
be that in some cases the plaintiff has an election to treat the
transactions constituting his claim as constituting one cause
of action only, or as constituting two or more separate causes
of action; but this is not one of such cases. The two causes
of action involved in this case do not affect the plaintiff alike,
or the defendant alike; and each is subject to separate and
independent defenses. The first is subject to all the defenses
which could be set up against Prutsman, if he had built the
house, and were the plaintiff. The second is subject only to
such defenses as Pierce might have against Bicknell alone.
A certain defense, for instance, might be good against one of
said causes of action, and not good as against the other. In
all such cases the defendant has a right to have the different
causes of action separately stated and numbered, so that he
may demur or answer to them separately. It is not claimed
that the original contract between Pierce and Prutsman was
ever abandoned, or cancelled, or superseded by the contract
between Prutsman and Bicknell, or by the parol contract
between Pierce and Bicknell. Nor is it claimed that the sub-
sequent contracts were merely modifications of the original
contract. Nor is it claimed that the three contracts were by
any means merged, or that they all three together formed but
one contract, as perhaps they would have done if all the con-
tracts had been between Pierce and Bicknell alone. On the

contrary, said original contract was allowed to continue in full force. The two written contracts were not alike, and the parol contract was not like either. Each contained many stipulations that were not in the other. The stipulations for leasing the premises for a hotel, for digging and walling a well, for digging and walling a cellar, for building out-houses, etc., which were in the first contract, were not in the second; and many stipulations which were in the second, were not in the first; and the third was wholly unlike either of the others. Bicknell did not at all suceeed to all the rights and liabilities of Prutsman, but he succeeded to a portion of them only, with other and additional rights and liabilities. With reference then to these two written contracts, and Pruts-man's order indorsed on the original contract, Bicknell was only a *sub-contractor*. But with reference to the subsequent parol contract entered into between Pierce and Bicknell for the extra work and material, Bicknell was an original con-tractor, Prutsman having no connection with said parol contract. Bicknell then sued Pierce really in two capacities, first, in the capacity of a sub-contractor, and the assignee of Prutsman's claim, for $350; second, in the capacity of an original contractor, for his own claim for $1,472.

It is not necessary to discuss the liability of Prutsman, and we do not think that it is necessary to discuss any of the other questions propounded by counsel. It may be proper however for us to suggest that we think ·Prutsman was properly made a party defendant in this action, and that we think it would be proper for the plaintiff below before the next trial to so amend his petition as to make it more definite and certain with regard to the steps taken to procure a mechanic's lien.

The ·judgment of the court below is reversed, and cause remanded for further proceedings in accordance with this opinion.

All the Justices concurring.