## A. DRUMM et al. v. JAMES CESSNUM.

### No. 11,462.   (59 Pac. 1078.)

1. WARRANT—*Certificate of Justice.*   A warrant issued by a justice of the peace for the arrest of a person charged with a criminal offense is a "proceeding," within the meaning of section 4, chapter 97, General Statutes of 1897 (Gen. Stat. 1899, § 4641).

2. MALICIOUS PROSECUTION—*Evidence.*   In an action for malicious prosecution, the plaintiff may show the bad condition of the jail in which he was confined, and any other discomfort or deprivation in aggravation of damages.

3. ――――― *Attorneys' Fees Recoverable.* In such cases payments made for counsel fees and other expenses in defending a criminal action may be recovered, and where the amounts so expended are not obviously excessive, proof of the sums paid will constitute *prima facie* a claim for the recovery of the same; it will be assumed that such amounts are reasonable until the contrary appears.

Error from Wabaunsee district court; WILLIAM THOMSON, judge. Opinion filed February 10, 1900. Affirmed.

STATEMENT.

THIS cause was tried below upon an amended petition, which alleged, in substance, that in October, 1890, the defendants, A. Drumm, A. J. Snyder, and George T. Vance, maliciously, unlawfully, and without probable cause, caused plaintiff, James Cessnum, to be arrested on a warrant issued by J. D. Lewis, a justice of the peace of Wyandotte county, in pursuance of a complaint filed with said justice by George T. Vance, charging plaintiff with obtaining from the firm of Drumm & Snyder the sum of $3587.44 under false and fraudulent pretenses, by representing to them that he was the owner of certain horses and cattle then on his farm in Wabaunsee county ; that he had a good right to mortgage the same to secure said amount of money, which he requested Drumm & Snyder to lend to him, when in truth and in fact he had not the right to mortgage said stock and was not the owner thereof ; that he (Cessnum) had theretofore mortgaged said stock to the Bank of Topeka and C. F. Jilson, as trustee, and that Drumm & Snyder relied on said statement and pretenses as being true, when in fact they were false, and by color of which Cessnum obtained from them the sum of money aforesaid ; that plaintiff was arrested on such warrant and taken from his home in Wabaunsee county and carried to the

county of Wyandotte and imprisoned in the common jail for eight days; that he waived an examination before said justice and gave bond for his appearance at the district court of Wyandotte county; that afterward defendants, Drumm & Snyder, wholly abandoned the prosecution, and the same was dismissed and the plaintiff discharged; that plaintiff suffered loss of health and great injury to his business and reputation, all to his damage in the sum of $15,000.

Defendants below answered by a general denial. The cause was tried by jury, resulting in a verdict for the plaintiff below in the sum of $5000.

*Robert C. Heizer*, for plaintiffs in error.

*George G. Cornell, M. B. Nicholson, Frank Herald*, and *A. H. Case*, for defendant in error.

The opinion of the court was delivered by

SMITH, J.: It is assigned as error that the court erred in admitting in evidence a certified copy of the warrant upon which plaintiff below was arrested, for the reason that no proper foundation had been laid therefor, and no legal certificate was attached to it by any person authorized to make the same. The certificate is as follows:

"State of Kansas, County of Wyandotte, City of Kansas City, ss. This is to certify that W. A. Snook, the undersigned, is a justice of the peace of the city of Kansas City, in the county of Wyandotte and state of Kansas; [that I am the successor in office as justice of the peace of J. D. Lewis, a former justice of the peace of Kansas City, county of Wyandotte, state of Kansas;] that as such successor I am the legal custodian, and have in my possession, all the dockets, papers and files pertaining to my office as justice of the peace, as well as successor in office to said J. D. Lewis, preceding justice of the peace; that the written instrument

to which this certificate is attached is a true and correct copy of a paper among the files in the case of The State of Kansas, plaintiff, against James Cessnum, defendant; that the same is a full, true and correct copy of the original warrant of arrest now on file among the papers of which I am custodian as justice of the peace, and now on file in my office. In witness whereof I have hereunto subscribed my official hand, at my office at Kansas City, in Wyandotte county, in the state of Kansas, this 25th day of April, 1898.

W. A. SNOOK, *Justice of the Peace.*"

The trial court admitted the copy of the warrant but refused to permit that part of the certificate enclosed in brackets, which stated that Snook was the successor in office of J. D. Lewis, a former justice of the peace of Wyandotte county, to be read in evidence.

It is contended that section 4, chapter 97, General Statutes of 1897 (Gen. Stat. 1899, § 4641), does not include within its terms a warrant in a criminal case. This section reads :

"§ 4. Copies of proceedings had before a justice of the peace, where said justice is out of office, certified by the justice who is in possession of the docket and papers of such justice, shall be received in evidence in any court in this state."

The position taken by counsel for plaintiff in error is untenable. A warrant issued by a justice of the peace must be included within the term "proceedings." In *Gordon v. The State, ex rel.,* 4 Kan. 489, the term "proceedings" was held to mean all the steps or the measures adopted in the prosecution or defense of an action. See, also, *Jackson Co. v. Hoaglin,* 5 Kan. 558 ; *Wilson v. Macklin,* 7 Neb. 50 ; *School District v. Cooper,* 44 Neb. 714, 62 N. W. 1084 ; *The Knox County Bank of Mt. Vernon v. Doty et al.,* 9 Ohio St. 505 ; *Yeager v. Wright et al.,* 112 Ind. 230, 13 N. E. 707 ; *Morewood against Hollister,* 6 N. Y. 309.

Whether it was competent for Mr. Snook to certify to a proceeding had before Lewis is not a material consideration. There was other competent testimony to establish the fact of the issuance of the warrant by Lewis. Mr. Freeman, the county attorney, testified that Drumm and Vance advised with him concerning the arrest, and that the complaint was made and filed before Lewis, and that the warrant was issued upon said complaint. Mr. Berger also, the deputy county attorney, testified that the complaint was filed before J. D. Lewis, and the warrant was returnable before him. This testimony was admitted without objection. Mr. Drumm testified that he and Vance went to the county attorney and procured the arrest of Cessnum, and Mr. Vance stated, as a witness, that he signed and verified the complaint before J. D. Lewis, and that he understood that a warrant was to be issued upon the same.

The certified copy of the recognizance given by Cessnum in the district court recites the arrest of defendant in error on complaint of G. T. Vance before J. D. Lewis justice of the peace, and his arrest upon a warrant issued pursuant to the filing of said complaint. The fact of the issuing of a warrant and the arrest of Cessnum sufficiently appeared, had the copy of the warrant not been admitted in evidence. The defendants below sought to justify the prosecution and arrest on the ground that they had laid all the facts concerning the alleged crime committed by Cessnum before the county attorney, and that he had advised the commencement of the prosecution, and introduced their own and other testimony tending to show this. In thus justifying, they necessarily admitted the steps taken by them in the prosecution, and, there being no demurrer to the evidence, any failure of proof on the

part of the plaintiff below was supplied in this respect by the defendants. (*Simpson v. Kimberlin*, 12 Kan. 579.)

The court gave to the jury instructions as to the legal effect of a full disclosure of the facts by the defendants below to the county attorney before the commencement of the prosecution. These instructions were based largely upon the testimony of defendants below. Plaintiffs in error cannot be permitted to occupy the inconsistent position of justifying their arrest of Cessnum and at the same time denying that they caused it.

Complaint is made of the trial court in allowing testimony to be introduced showing the condition of the jail and the treatment the defendant in error received therein during the time of his imprisonment. It is argued that this was not the act of the defendants below, and that they ought not to be made responsible for the manner in which the officers of Wyandotte county treated its prisoners, or the condition in which they kept its jail. The case of *Zebley v. Storey*, 117 Pa. St. 478, 12 Atl. 569, is cited as an authority. We do not approve the doctrine of that case ; it is clearly against the weight of authority. Malice and the want of probable cause are necessary elements in actions of this kind. The injuries suffered by defendant in error while in the county jail sprang immediately from the imprisonment to which the malice of plaintiffs in error directly contributed. The bad condition of the jail, and any other discomfort or deprivation, may be shown in aggravation of damages. ( 3 Suth. Dam. 732 ; *Abrahams v. Cooper*, 81 Pa. St. 232 ; *Fenelon and another v. Butts*, 53 Wis. 344, 10 N. W. 501; *S. A. & A. P. Ry. Co. v. Griffin*, 20 Tex. Civ. App. 91, 48 S. W. 542 ; *A. T. & S. F. Rld. Co. v. Rice*, 36 Kan. 593,

14 Pac. 229, and authorities cited; *Spear v. Hiles*, 67 Wis. 350, 30 N. W. 506.)

Plaintiff below was permitted to testify that at the time he was arrested he was not indebted to Drumm & Snyder. This is alleged to have been prejudicial. The testimony was merely confirmatory of what Cessnum had claimed ever since he turned over his property to Drumm & Snyder.

A copy of a bill of sale, in the nature of a chattel mortgage, from Cessnum to Drumm & Snyder, was offered in evidence. It was not certified and hence inadmissible. This error was cured, however, by the testimony of Cessnum (not objected to), and by the testimony introduced on behalf of the defendants below. Mr. Vance testified as to the date of the bill of sale and the conversation had at the time it was given, and detailed all the facts concerning its execution and stated what property was included in it. Cessnum, on direct examination, testified concerning the giving of this bill of sale, without objection, and stated that it contained all the personal property he owned with the exception of a horse and buggy.

Plaintiff below testified as to the expense he had been put to in defending himself from the charge brought against him, stating that it was about $500, consisting of $300 attorney's fee and $200 in traveling back and forth. We can see no objection to the admission of this testimony or the recovery of the amounts stated. (*Wheeler v. Hanson*, 161 Mass. 370, 42 Am. St. Rep. 408, 37 N. E. 382.) When it does not appear that the attorneys' fees and other expenses are obviously excessive, testimony of the amounts paid will constitute a *prima facie* case, and it will be assumed in such case that the attorneys' fees so paid were reasonable unless the contrary appears.

The learned counsel for plaintiffs in error attacks the instructions given by the court, and has applied to them much refined and technical criticism. We have examined them and find that, taken together, they are as favorable to the plaintiffs in error as the circumstances of the case required, and fairly state the law.

The answers to the particular questions of fact, while inconsistent in some particulars, are not so to such an extent as to justify a new trial.

The judgment of the court below will be affirmed.