[Sac. No. 2726.  Department Two.—January 4, 1919.]

## C. P. STEVENS, Respondent, v. CHRISTY CHISHOLM, Appellant.

MALICIOUS PROSECUTION—CIVIL ACTION BY CLIENT AGAINST ATTORNEY— WANT OF PROBABLE CAUSE—SUFFICIENCY OF EVIDENCE.—In this action by an attorney at law against a client for damages for the alleged malicious prosecution of a civil action by the client against the attorney wherein the attorney was charged with conspiracy and fraud, it is held the evidence shows a want of probable cause for the institution of the civil action.

ID.—MALICE—SUFFICIENCY OF EVIDENCE.—It is also held the evidence shows that the defendant was actuated by malice in the prosecution of the civil action.

ID.—ADVICE OF COUNSEL—WHEN INSUFFICIENT DEFENSE.—Advice of counsel cannot be successfully set up as a defense to an action for damages for the alleged malicious prosecution of a civil action, where the prosecution of such civil action was actuated by malice and without probable cause.

ID.—SPECIAL DAMAGES—REASONABLE SUM EXPENDED IN DEFENSE OF CIVIL ACTION—PLEADING.—In an action by an attorney at law against a client for damages for the alleged malicious prosecution of a civil action against him, the latter can recover as special damages the amount that he had reasonably been compelled to expend or incur in his defense, although his complaint failed to state that the amount so incurred was a reasonable sum.

ID.—REASONABLE ATTORNEY FEE—EVIDENCE—PAPERS IN CIVIL ACTION.— In an action by an attorney against his client for damages for the alleged malicious prosecution of a civil action against him, there was no error in admitting all the papers in the civil action, as bearing on the question of reasonable attorney's fee.

APPEAL from a judgment of the Superior Court of Solano County.  Malcolm C. Glenn, Judge Presiding.  Affirmed.

The facts are stated in the opinion of the court.

Frank McGowan, Arthur Lindauer, and Blaine McGowan, for Appellant.

W. U. Goodman, for Respondent.

MELVIN, J.—The plaintiff, an attorney at law, was successful in an action for damages for malicious prosecution. The defendant appeals from the judgment.

In their brief, counsel for appellant contend that actions for alleged malicious prosecution of civil causes are not favored by law; that as matter of law, under undisputed testimony, the court should have found that defendant had probable cause for instituting the action against Mr. Stevens; that evidence of malice is entirely lacking; and that defendant is relieved of liability because she acted upon advice of counsel in bringing suit against said Stevens. As all of these contentions are discussed and proper conclusions reached in an opinion filed by the Honorable Malcolm C. Glenn, who presided at the trial in the superior court, we hereby adopt the said opinion, which is as follows:

"Plaintiff sues to recover damages for the alleged malicious prosecution by defendant of a certain action instituted by her against plaintiff and one L. B. Cooper, in the superior court of the state of California, in and for the county of Solano.

"In the month of February, 1908, Flora Avilla (now Mrs. Flora Crockett) was the owner of a certain shoe-store located at Benicia. At that time she entered into negotiations for the sale of the business to defendant herein. Said Cooper was her nephew-in-law and also was the stepson of plaintiff, C. P. Stevens. All the parties were friendly at that time. Defendant's main object in buying said business was to assist and aid said Cooper, whom she intended to, and subsequently after the purchase did, put in charge thereof. In carrying out the details of the transfer, the usual notice of intended sale and purchase was recorded; also a written agreement was made and entered into between Flora Avilla, as the seller, and Christy Chisholm, as the purchaser, embodying the terms and conditions thereof, wherein it was provided that the purchase price should be 97½ per cent of the inventoried value of the stock, the inventory to be thereafter taken. The purchase price was to be paid as follows: Three hundred dollars being paid down as a deposit, one thousand seven hundred dollars to be paid in cash, and the balance to be evidenced by a promissory note of Christy Chisholm, payable one day after date, with interest at seven per cent per annum. Flora Avilla was represented in the transaction by Messrs. Lippett &

Lippett, attorneys at law, and Christy Chisholm by C. P. Stevens, who was then and is now an attorney at law. Subsequently an inventory was taken of the stock, which amounted to something over four thousand three hundred dollars. Thereupon the deal was closed, to the apparent satisfaction of all parties concerned.

"While there seems to be a strong intimation that prior to the month of December, 1915, to be hereafter referred to, the friendly relations existing during the original transaction between Stevens, Cooper, and defendant had become somewhat strained, yet we find nothing bearing directly on the transaction until said last-mentioned date. At that time, Kay Frame, a relative of defendant, who had been placed in possession of the premises occupied as a shoe-store, and formerly conducted by Cooper, discovered a promissory note for $2,275.24, purporting to have been signed by Christy Chisholm, together with several checks made by Cooper and payable to Stevens. The finding of the note under the circumstances as related by Frame, together with the canceled checks, was communicated to defendant. Defendant having lost a considerable sum of money in the business as conducted by Cooper, felt none too friendly toward Cooper and Stevens, and upon the relating of the facts to her by Frame concerning the finding of the note and the checks she immediately suspicioned that in the transaction of February, 1908, she had been defrauded. Upon reporting the matter to her attorney, the latter advised her to see Mrs. Avilla. This she did. Defendant testified that she was told by Mrs. Avilla that the amount of the note, $2,275.24 and three hundred dollars was all she had received. That nothing was said about the payment of any bills. A letter was later written under Mrs. Avilla's direction stating that if Lippett & Lippett stated that the purchase price was two thousand two hundred dollars then that amount must be correct. The latter firm was written to, but their answer threw no particular light on the subject. A letter was also written to Stevens and Cooper stating in effect that they were indebted to defendant in the sum of $925, but failed to disclose the facts or circumstances by reason of which the said amount was claimed to be due her. In reply to this letter the plaintiff denied in positive terms that there was any sum whatever due or owing as claimed.

"Subsequently an action was commenced by defendant against Stevens and Cooper for the recovery of the sum of $925, it being alleged in the complaint that defendants therein had conspired together to defraud and had defrauded her out of said sum of money and had appropriated the same to their own use. After issue joined plaintiff dismissed said action.

"That the allegations in the complaint in the action of *Chisholm* v. *Stevens* whereby said last-mentioned parties were charged to have conspired together to defraud and to have defrauded the said plaintiff therein of the sum of $925 were untrue appears conclusively, nor was any attempt made either in that case or in this to substantiate such charges. Indeed, it is admitted in this case that the said action was dismissed by defendant as soon as she discovered the incorrectness of the allegations of her complaint. There being no foundation in fact for the charges thus made, what then were the circumstances claimed by defendant upon which her alleged cause of action was predicated? Defendant asserts that she had personally paid but little attention to the transaction, leaving the matter to her attorney Stevens, who had promised to look out for her; that her remembrance was that she had signed a note for three thousand five hundred dollars, and furthermore both Cooper and Stevens had told her the purchase price was three thousand five hundred dollars; that she never signed the note for $2,275.24 found by witness Frame and that her name was forged thereto; that this note was not the note contemplated in the agreement, and had been apparently secreted; that Mrs. Avilla had positively assured her that all she received as the purchase price was three hundred dollars in cash and the note referred to; she had written both Stevens and Cooper in regard to her claim, the former contenting himself with a caustic reply, and the latter failing to reply at all.

"In the original transaction between the parties Stevens represented defendant in the matter of looking over the papers and attending to the legal aspects thereof. He did all that ordinarily would be expected of an attorney. That the legal phases of the transaction were properly attended to has not been questioned. But the defendant asserts that he promised to also look out for her interests in the matter, leaving the impression that Stevens was to keep in touch with the business thereafter to be managed by Cooper, and to protect

defendant's interests therein. The testimony fails to substantiate anything further than that plaintiff was representing defendant as the purchaser in the transfer to her of the shoe business and looking out for her interests in that regard; furthermore, the allegations of the complaint in the suit brought by defendant have reference to fraud and conspiracy in the original transaction, and, therefore, whatever may have occurred subsequently, in the conduct of the business by Cooper, can have no significance in this case, unless such subsequent conduct is shown to have some bearing on the question of fraud in connection with said original transaction. No such proof was offered.

"The fact has been established that the purchase price was 97½ per cent of the inventoried value of the stock of goods, and the defendant knew that such was to be the purchase price; whether she subsequently learned that the stock had inventoried at a little over four thousand three hundred dollars, or had been told by Cooper and Stevens that it was three thousand five hundred dollars seems to be of no particular importance, excepting as fixing the amount which defendant would have been entitled to if she had shown in her suit against Stevens and Cooper that Mrs. Avilla had only received the promissory note for $2,275.24 plus three hundred dollars in cash; for if Mrs. Chisholm had then discovered that the real purchase price was four thousand three hundred dollars, the amount claimed in said suit would have been augmented accordingly. If this case was based upon the claim that Stevens and Cooper had represented that the purchase price was *more* than it actually was, for the purpose of retaining the difference, an entirely different situation would be presented, and the reason for such a representation would be at once apparent; but the claim is that the purchase price was represented to be *less* than in fact it was. Under such circumstances, no reason is apparent, nor has any been suggested, why such representations should have been made, nor what advantage either Stevens or Cooper expected to realize by the making of such representations. In addition, the notes signed by defendant together with the cash deposit paid by her, demonstrate that at the time the transaction was closed she knew the amount of the purchase price. It may be that in the preliminary negotiations some mention was made as to the purchase price being three thousand five hun-

dred dollars; but no proof was offered in regard to such being the fact.

"Defendant claims that the note for $2,275.24 is a forgery, the reasons assigned for such assertion being that she did not sign it, and that while it looks very similar to her signature the letter 'm' is not turned like her's, and the signature is in a lighter hand. Considering the evidence in the case as well as the signature to the note itself, the court unhesitatingly finds the signature to be that of defendant; nor is defendant's denial of the genuineness of the signature any stronger than the reasons assigned therefor. Her signature has many peculiar characteristics, and I fail to find any dissimilarity between the signature under discussion and other signatures admittedly signed by defendant either in the particulars suggested or in any other respect. Whether defendant claimed that this note was a forgery at the time her suit against plaintiff and Cooper was commenced has not been argued by counsel, but this note seems at least to have been used as a basis for the determination of the sum therein sued for, to wit, $925, and no other note for a like sum has been referred to.

"In regard to the conversation between Mrs. Avilla and defendant in which conversation defendant claims nothing was said in respect to the payment of any bills, I am of the opinion that the only conclusion which a reasonable person could have drawn from that conversation was that Mrs. Avilla had forgotten the details of the original transaction, and that her remembrance was not to be depended upon. This conclusion is but a natural one under the circumstances, for the transaction had been closed some six or seven years. Beyond this, however, we have the testimony of Mrs. Avilla together with a letter subsequently written under her direction, showing that she did not pretend to remember some of the details of the transaction; again, her manner as well as her testimony while on the witness-stand indicated plainly that the details of the transaction had passed from her mind, and only by refreshing her memory by an inspection of the various bank records and other papers was she able to recall the details thereof.

"From the foregoing, as well as from the many other circumstances in the case which I have deemed unnecessary to refer to in detail, it appears that the plaintiff has affirmatively shown a want of probable cause on the part of defendant in

the institution by the latter of the action hereinbefore referred to, and I fail to find any circumstance or circumstances sufficiently strong to warrant a reasonable person in the belief that the charges of conspiracy and fraud were true, or that the defendants in that action were indebted to the plaintiff therein in any sum whatever by reason of the transaction involving the purchase of the said shoe-store business.

"In regard to the question of malice I likewise hold that the same has been established by the facts in the case. There was no evidence whatever tending to show conspiracy or fraud on the part of plaintiff, nor were there any facts or circumstances upon which a reasonable person might suspicion fraud or conspiracy. The note which defendant alleges was a forgery was not in fact such; the transactions at the bank when defendant signed the various notes were known to her; defendant was aware of the terms of the contract entered into with Mrs. Avilla for she had signed and kept a copy of the agreement. She knew that the stock was to be inventoried and that the amount of the purchase price was to be a certain percentage of the inventoried value, and subsequently she signed notes which together with the cash deposit made at the date of the original agreement totaled the said percentage agreed upon as the purchase price.

"Under these facts the advice of counsel cannot be successfully set up as a defense to the action.

"Defendant objects to the allowance of any damages for costs incurred by plaintiff in said action hereinbefore referred to, on the ground that the complaint fails to state that the amount of such costs so incurred is a reasonable sum, citing in support thereof several cases. In the first case cited, *Eastin* v. *Bank of Stockton*, 66 Cal. 123, [56 Am. St. Rep. 77, 4 Pac. 1106], the allegations of the complaint in regard to attorneys' fees and costs were similar to the allegations in the case at bar, it being alleged that the plaintiff 'was obliged to employ counsel to defend the suit at a cost of $600 . . . ' No question was presented as to the insufficiency of this allegation, but the point decided was that the court failed to instruct the jury that only such allowance could be made as would be reasonable and proper. *Marshall* v. *Betner*, 17 Ala. 832, likewise fails to support the contention of defendant. On the other hand it has been expressly held in that state that such an allegation is unnecessary. (*Strain*

v. *Irwin,* 195 Ala. 414, [70 South. 734].) In the last-mentioned case the allegation in the complaint was as follows: 'Plaintiff avers that he incurred a liability of $25 as attorney's fee for services of attorney in representing him in said prosecution, and in procuring his discharge, and said sum is hereby claimed as special damages.' There was no averment in regard to the reasonableness of such charge or liability, and the point was made that the allegation was insufficient. The court said: 'In such a count the claim for attorney's fees as damages, being no part of the cause of action and being intended only as a warning to the defendant of an issue to be met, does not render the count demurrable, although it is not alleged that such a fee was either reasonable in amount or necessary in fact. These are questions of evidence merely.' In the case of *Drumm* v. *Cessnum,* 61 Kan. 467, [59 Pac. 1078], cited by defendant, it is said: 'Plaintiff below testified as to the expense he had been put to in defending himself from the charge brought against him, stating that it was about $500, consisting of $300 attorney's fee and $200 in traveling back and forth. We can see no objection to the admission of this testimony or the recovery of the amounts stated. (*Wheeler* v. *Hanson,* 161 Mass. 370, [42 Am. St. Rep. 408, 37 N. E. 382].) When it does not appear that the attorneys' fees and other expenses are obviously excessive, testimony of the amounts paid will constitute a *prima facie* case; and it will be assumed in such case that the attorneys' fees so paid were reasonable, unless the contrary appears.' In the case of *Wheeler* v. *Hanson, supra,* it is said: 'The expenses to which the plaintiff was put in procuring sureties and in employing counsel were the direct and necessary result of defendant's act, and constituted a part of the damages to which the plaintiff was subjected in consequence thereof (citing a large number of cases). It has been held more than once in this state, that when the plaintiff has, in consequence of the wrongful conduct of the defendant, been put to expense in the employment of counsel, the amount so paid is an element of damage in an action against the defendant arising out of such wrongful conduct' (citing many cases).

"The special damage to the plaintiff therefore is the amount which he has been compelled to expend or incur in his defense, but he can only recover such part thereof as con-

stitutes a necessary and reasonable charge, the latter question being one to be determined from the evidence.''

There was no error in permitting the introduction in evidence of all the papers in the former suit. The question of reasonable attorney's fee was an issue, and it was competent for plaintiff here to show the amount of work done by the attorney in the former case.

The court properly refused to permit Mrs. Chisholm to testify regarding the declarations of a witness in an action by a bank against her that three thousand five hundred dollars was the purchase price of the shoe-store at Benicia. Such testimony would have been hearsay, and moreover she was in a position to know that, if made, the alleged statement was false.

The court refused to admit in evidence a purported receipt bearing the name of Mrs. Avilla. This ruling was proper. There was nothing in the testimony to connect this receipt in any way with Mr. Stevens or his conduct of Mrs. Chisholm's business.

It was also proper to sustain objections to the testimony of Miss McArthur by which she sought to repeat certain declarations regarding a note for one thousand two hundred dollars made by Mrs. Chisholm to Mr. Cooper. There was no explanation at the trial, nor is there any satisfactory one in appellant's brief, that such testimony could be relevant to the issues being then tried.

No other alleged errors require notice.

The judgment is affirmed.

Lorigan, J., and Wilbur, J., concurred.