DEVINE, P. J.
 

 Powell, a longshoreman, who is not a party to this appeal, brought an action for injuries he had suffered aboard a vessel owned by Isthmian Lines, Inc., when he was struck by a forklift truck owned by West Coast Terminals Company of California, a corporation. The action was against Isthmian and West Coast. Powell was employed by Schirmer Stevedoring Company, Ltd., a corporation. Isthmian cross-complained against Schirmer and West Coast. The jury awarded Powell $250,000. It found that his injuries resulted from the defective condition of West Coast’s forklift. The jury gave its verdict for Isthmian against Schirmer for breach of warranty, and its verdict against West Coast for negligence. The jury also gave its verdict in favor of Schirmer against West Coast on indemnity. Judgment was entered on the verdicts, and this part of the case has been concluded and is not the subject of this appeal.
 

 The appeal has to do with attorney’s fees and costs. This part of the trial was heard by the judge, jury on this issue having been waived. The judge awarded Isthmian $27,528.50 against Schirmer. He awarded Schirmer $21,014.33 against West Coast for Schirmer’s own fees and expenses and also awarded Schirmer $27,528.50 against West Coast by way of
 
 *605
 
 indemnity against the judgment of Isthmian against Schirmer.
 

 West Coast appeals from the judgment in favor of Schirmer, so far as the award of $21,014.33 is involved, on the ground that no apportionment was made between the sum required by Schirmer to defend the action for breach of warranty Avhich had been brought by Isthmian against Schirmer, and the sum required to prosecute Schirmer’s cross-complaint against West Coast. The former sum, West Coast concedes, properly might have been awarded against West Coast if appropriate apportionment had been made; but the latter sum, says West Coast, could not have been the subject of an award.
 

 West Coast also appeals from the award of $27,528.50, on the ground that in this sum, which had been passed on to West Coast through Schirmer, no proper apportionment had been made between the amount necessary for Isthmian to defend itself against the action by Powell, and the sum required by Isthmian to prosecute its cross-complaint against Schirmer.
 

 West Coast argues in its brief that because Schirmer did not present to the trial court a properly apportioned claim against West Coast, and by its omission Schirmer gained a larger judgment against West Coast than it should have, the entire award should be set aside. At oral argument, however, counsel for West Coast conceded that the proper disposition on appeal would be a reversal and remand, with direction to the trial court to make a proper apportionment both of Schirmer’s direct claim against West Coast and of the claim which Schirmer holds derivatively through Isthmian.
 

 Schirmer in turn concedes that the allocation contended for by West Coast should have been made, and that it is proper for this court to remand in order that apportionment be accomplished. The position taken by West Coast, and agreed to by Schirmer, that in cases of this type a party is entitled to its expenses, including attorneys’ fees so far as they were incurred defensively but not so far as they were incurred by pressing a claim for indemnity, is well recognized.
 
 (Nicroli
 
 v.
 
 Den Norske Afrika-Og Australielinie, etc.
 
 (2d Cir. 1964) 332 F.2d 651;
 
 Calderone
 
 v.
 
 Naviera Vacuba
 
 S/A (2d Cir. 1964) 328 F.2d 578;
 
 Misurella
 
 v.
 
 Isthmian Lines, Inc.
 
 (2d Cir. 1964) 328 F.2d 40;
 
 Duvernay
 
 v.
 
 Alcoa S.S. Co.
 
 (E.D.La. 1963) 217 F.Supp. 698;
 
 Paliaga
 
 v.
 
 Luckenbach S.S. Co.
 
 (2d Cir. 1962) 301 F.2d 403, 409;
 
 Holley
 
 v.
 
 The Manfred Stansfield
 
 (E.D.Va. 1960) 196 F.Supp. 805, 811-812.)
 

 
 *606
 
 The law of California is, in general, that attorneys’ fees are not recoverable unless specifically provided for by statute. (Code Civ. Proc., § 1021;
 
 Griggs
 
 v.
 
 Board of Trustees,
 
 61 Cal.2d 93 [37 Cal.Rptr. 194, 389 P.2d 722];
 
 Freeman
 
 v.
 
 Goldberg,
 
 55 Cal.2d 622, 625 [12 Cal.Rptr. 668, 361 P.2d 244];
 
 Prentice
 
 v.
 
 North American Title Guar. Corp.,
 
 59 Cal. 2d 618, 620 [30 Cal.Rptr. 821, 381 P.2d 645].) (The exception recognized in the
 
 Prentice
 
 ease is discussed below.)
 

 Since West Coast and Sehirmer agree that remand is the proper disposition of this appeal, and remand would allow the trial court to accomplish the result which comports with the law, there remains to be considered only the position of Isthmian. Isthmian, of course, is not concerned directly with a remand to determine proper apportionment of either Sehirmer’s own claim against West Coast or Schirmer’s claim by way of indemnity, but Isthmian resists remand for the purpose of apportioning its fees and expenses. This apportionment would be a division of its fees and expenses into two categories: those which resulted from the necessity of defense against Powell, and those which arose from prosecution of its claim against Schirmer.
 

 Isthmian argues that the apportionment should not be made because (1) the issue of apportionment of Isthmian’s fees was never raised by Schirmer in the trial court; (2) Sehirmer admitted liability for the full amount of Isthmian’s costs and fees before the trial court; (3) Schirmer’s conduct caused Isthmian not to pursue direct judgment against West Coast. As to the first point, an appellate court may, in its discretion, consider issues which are raised for the first time on appeal.
 
 (Solorza
 
 v.
 
 Park Water Co.,
 
 86 Cal.App.2d 653, 662 [195 P.2d 523].) We are disposed to consider the issue because we must, under the eases cited above, remand in order to effect apportionment of expenses and fees on the appeal of West Coast. If the award of $21,014.33 were reduced in favor of West Coast and against Schirmer, and if on the other hand the award of $27,528.50 were sustained in favor of Isthmian against Schirmer, an obvious injustice would result unless, as we shall now consider, Schirmer should be estopped.
 

 The second point of Isthmian is that Schirmer is estopped to demand apportionment of Isthmian’s claim because of admissions made at the trial. Although it is true that Schirmer did not make it clear to the judge that both Isthmian’s and Sehirmer’s own expenses should be apportioned, Schirmer did
 
 *607
 
 make a suggestion to the judge that a percentage arrangement could be effectuated. Moreover, Schirmer was in the position of a “middleman” in passing on Isthmian’s demands to West Coast and Schirmer had to avoid a situation in which apportionment would be made between Schirmer and Isthmian, but not between Schirmer and West Coast. Counsel for Schirmer did at one time admit liability for Isthmian’s fees and expenses, but we do not regard the admission, taken in context, as conceding liability for the full unapportioned amount.
 

 Finally, Isthmian contends that Schirmer is estopped because by its failure to raise the point of apportionment in the trial court Isthmian was induced to omit pressing its own direct claim against West Coast. This part of Isthmian’s cross-complaint against West Coast was not resolved at all in the trial court. But by the law of apportionment, as contained in the authorities cited above, Isthmian could not rightly have avoided apportionment had it prosecuted its cross-complaint directly against West Coast instead of prosecuting it through Schirmer. This brings us to this point made by Isthmian: In its direct action against West Coast, says Isthmian, the rule of apportionment which is stated in the federal cases would not apply; instead there would be applicable the California law as set down in
 
 Prentice
 
 v.
 
 North American Title Guar. Corp., supra,
 
 59 Cal.2d 618, and this law allows recovery for expenses and fees which were made necessary by the negligence of the party defendant, whether the fees and expenses were incurred in defense or in the bringing of a lawsuit.
 
 [1]
 
 But the
 
 Prentice
 
 case states this exception to the rule that attorneys’ fees are to be paid by the party employing the attorney:
 
 “Exception
 
 : A person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover compensation for the reasonably necessary loss of time, attorney’s fees, and other expenditures thereby suffered or incurred.
 
 (Stevens
 
 v.
 
 Chisholm,
 
 179 Cal. 557, 564 [178 P. 128];
 
 Nelson
 
 v.
 
 Kellogg,
 
 162 Cal. 621, 623 [123 P. 1115, Ann. Cas. 1913D 759];
 
 Contra Costa County Title Co.
 
 v.
 
 Waloff,
 
 184 Cal.App.2d 59, 67 [9a] [7 Cal.Rptr.
 
 *608
 
 358]; Rest., Torts (1939) § 914; 15 Am.Jur. (1938) Damages, § 144, p. 552; 25 C.J.S. (1941) Damages, § 50c, p. 534; cf.
 
 Estate of Williamson, supra,
 
 150 Cal.App.2d 334, 341 [310 P.2d77].)”
 

 Isthmian argues that since the exception includes the
 
 bringing
 
 as well as the defending of an action, Isthmian would have been entitled (and, presumably, if the case be remanded, will be entitled) to collect all of its fees and expenses in -its cross-complaint, grounded on negligence, against West Coast. But we hold that the
 
 Prentice
 
 case does not create an exception to the ordinary rule that in actions for indemnity
 
 only
 
 the necessary defensive fees and expenses are recoverable. The exception stated in
 
 Prentice
 
 is to cover a limited class of cases. In
 
 Prentice,
 
 defendant title company, as paid escrow holder, had closed a sale negligently, thus proximately causing damage to plaintiffs, which consisted of counsel fees and expenses in quieting their title against parties who had received an unmerited priority in title. These fees and expenses were the subject of the suit against the title company. The distinction between the
 
 Prentice
 
 type and other cases is this: the attorneys’ fees
 
 constituted
 
 the damages caused by the negligence of the title company. In the ordinary negligence case in which there is injury, the damages are not the attorneys’ fees although such fees may be necessarily incurred. The damages produced by West Coast’s negligence were the injuries to Powell, not the expenses and fees of Isthmian, except, as recognized by the authorities, those sustained by Isthmian in defense. The eases cited in support of the exception in
 
 Prentice
 
 are ones in which fees are of the essence of the loss sustained: fees for defense of an action maliciously prosecuted
 
 (Stevens
 
 v.
 
 Chisholm,
 
 179 Cal. 557 [178 P. 128]); fees for securing release from a false arrest
 
 (Nelson
 
 v.
 
 Kellogg,
 
 162 Cal. 621 [123 P. 1115, Ann. Cas. 1913D 759]); fees for clearing a slandered title
 
 (Contra Costa County Title Co.
 
 v
 
 Waloff,
 
 184 Cal.App.2d 59 [7 Cal.Rptr. 358]); fees for obtaining dissolution of a wrongful injunction
 
 (Estate of Williamson,
 
 150 Cal.App.2d 334 [310 P.2d 77]).
 

 The judgment is reversed insofar as it awards fees, costs and expenses on the cross-complaint of Isthmian Lines, Inc. against Schirmer Stevedoring Company, Ltd., and. on the cross-complaint "of Schirmer Stevedoring. • Company against West Coast Terminals Company of California-,'and the cause is remanded to the superior court for further proceedings in
 
 *609
 
 conformity with this opinion. The court may take additional evidence. West Coast is awarded costs on appeal against Schirmer. Schirmer and Isthmian shall bear their own costs on appeal.
 

 Rattigan, J., and Christian, J., concurred.
 

 [1]
 

 Isthmian’s
 
 cross-complaint against Schirmer was not based on negligence but upon the quasi-contractual obligation of stevedoring company to shipowner, established in
 
 Ryan Stevedoring Co.
 
 v.
 
 Pan-Atlantic S. S. Corp.,
 
 350 U.S. 124, 133 [100 L.Ed. 133, 141, 76 S.Ct. 232].