[Civ. No. 9700. Second Appellate District, Division Two.—April 10, 1935.]

SECURITY BUILDING & LOAN ASSOCIATION OF LOS ANGELES (a Corporation), Respondent, v. MARYLAND CASUALTY COMPANY (a Corporation), Appellant.

Everett H. Smith for Appellant.

Julius V. Patrosso for Respondent.

FRICKE, J., *pro tem.*—Appellant executed a bond to respondent in which it agreed that it would ''indemnify the employer against loss of money securities, and other personal property (including that for which the employer may be legally responsible to others), sustained by the employer, by reason of any act or acts of fraud, dishonesty, forgery, embezzlement, wrongful abstraction or willful misapplication of any employee while performing the duties of any office or position named in the schedule attached hereto''. There is ample evidence in the record that one C. T. Owen, president of respondent corporation, and one of its employees covered by the bond, induced one R. D. Scott to deliver to respondent and himself certain shares of stock to be placed in an escrow, of which respondent corporation was represented by Owen to Scott as being the agent, and under which escrow Scott was to receive $3,000; that Scott was induced to and did enter into the transaction as a result of the false and fraudulent representations of Owen; that in fact no such escrow was ever opened; that Scott suffered a loss of $1500 and thereafter secured a judgment against respondent for the amount of this loss, with interest thereon in the sum of $131.25 and court costs in the sum of $15.35. In the instant action respondent sought to recover the sum of $1685.67 paid in satisfaction of the Scott judgment, together with the further sum of $250 which it had paid for attorney fees in defending the prior action and the sum of $121.86 for court costs in the municipal court and appellate department of the superior court, a total of $2,057.53, for which latter amount with interest respondent obtained judgment.

Appellant's contention that the bond is not a contract of indemnity seems to be negatived by section 2772 of the Civil Code, which reads: ''Indemnity is a contract by which one engages to save another from a legal consequence of the conduct of one of the parties or of some other person.'' (See, also, Couche's Cyclopaedia of Insur-

ance Law, vol. 1, sec. 26, p. 40; Cooley's Briefs on Insurance, 2d ed., pp. 17, 22, and 25 C. J. 1089.)

 The contention that the bond is not one of indemnity is made the basis of appellant's claim that the trial court erred in admitting in evidence the Scott judgment, that such judgment is not conclusive unless the facts litigated in that action were the same as involved here and that the superior court did not have jurisdiction of this action. As part of the burden of respondent was to prove that it had suffered a loss and the amount of such loss, it was necessary and proper to prove the recovery and satisfaction of the judgment. It further appears from the record that the matters litigated in the former action are the same as those involved here, and that the proof in the instant case, apart from the judgment, is ample to support the finding that the loss suffered was occasioned by the fraudulent misconduct of Owen and establishes appellant's liability.

 Appellant's final point is that the complaint demanded and the trial court included in the judgment here an item of $250 necessarily expended by respondent for attorney's fees in the action by Scott; that without the inclusion of this item the claim of respondent was not sufficient in amount to vest jurisdiction in the superior court rather than in the municipal court, and that appellant was not liable for this item under its bond. Section 2778 of the Civil Code provides (subd. 4): "The person indemnifying is bound, on request of the person indemnified, to defend actions or proceedings brought against the latter in respect to the matters embraced by the indemnity . . . " The record shows that respondent upon being served with the summons and complaint in the former action promptly notified appellant of the fact, tendered the defense to appellant and advised appellant that if it did not defend the action respondent would hold it for the amount of the judgment recovered, together with the costs and attorney fees incurred. Appellant did not avail itself of the opportunity and left the defense of the action to respondent, thus causing the latter to incur the items for costs and attorney's fees heretofore mentioned. Section 2778 further provides that an indemnity against liability "embraces the costs of defense against such claims, demands, or liability

incurred in good faith, and in the exercise of a reasonable discretion'', a provision which of itself answers appellant's contention so that it is not necessary to devote any extended space in pointing out that the loss suffered by respondent from the fraudulent act of Owen was not merely the loss suffered by having to reimburse Scott but also the loss suffered directly by respondent, which as a proximate result of the acts of Owen was compelled to expend money for attorney's fees and costs, a loss which appellant could and would have avoided had it taken over the burden of meeting the claim of Scott. We are of the opinion that the superior court had jurisdiction of this action.

We fail to find support for appellant's claim that the evidence is insufficient to support the judgment.

The judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.