[L.A. No. 30773. Aug. 29, 1978.]

BRUCE G. DAVIS, Cross-complainant and Respondent, v.
AIR TECHNICAL INDUSTRIES, INC., Cross-defendant and
Appellant.

**COUNSEL**

Parker, Stanbury, McGee & Babcock, Stephen H. Osborn and Craig Combs for Cross-defendant and Appellant.

Donald H. Keltner, Edwin C. Schreiber and Keltner & Schreiber for Cross-complainant and Respondent.

## OPINION

**BIRD, C. J.**—Appellant, Air Technical Industries, Inc., and respondent, Bruce G. Davis, were codefendants in this products liability action. Both were held strictly liable for damages caused by a defective elevator manufactured by Air Technical and sold by Davis. The trial court ordered Air Technical to indemnify Davis for all damages awarded to the plaintiff and to reimburse Davis for his legal fees in defending the action. The sole issue before this court is the correctness of the trial court's order that Air Technical pay the attorney's fees incurred by Davis in defending against allegations of his own negligence and breach of warranty.

I

The plaintiff in the main action below was injured when a hand-cranked, portable elevator which he was using to lift freight snapped and dropped on his foot. The elevator was manufactured by appellant, Air Technical. It was sold second-hand to the plaintiff by respondent Davis about a month before the accident.

Plaintiff filed suit against both Davis and Air Technical, asserting causes of action for negligence, breach of express warranty and strict liability. Davis asked Air Technical to defend him. When Air Technical refused, Davis cross-complained against Air Technical for indemnity and any attorney's fees incurred in defending the action.[1] The trial judge severed the cross-complaint and ordered it heard after the trial of the underlying action.

The plaintiff alleged that Air Technical's defective design of the elevator caused his injury. The plaintiff's expert testified that the elevator's pulley, which was suspended by a bolt through its center, lacked an inexpensive "bushing" which would have protected the bolt from wearing each time the pulley revolved. This defect caused the bolt to wear through and resulted in the elevator falling on plaintiff's foot.

Among other causes of action, plaintiff charged that Davis had negligently inspected the elevator and had expressly warranted its freedom from defect. There was evidence that Davis had represented the

---

[1]There was no indemnity contract between Air Technical and Davis. Rather, Davis' cross-complaint was based upon the equitable concept of implied noncontractual indemnity. (See, e.g., *Aetna Life & Cas. Co.* v. *Ford Motor Co.* (1975) 50 Cal.App.3d 49, 52 [122 Cal.Rptr. 852].)

elevator as new and that he had said nothing about selling it "as is." In addition, Davis admitted that he had not inspected the defective pulley mechanism.

Air Technical defended against the allegations of defective design without assistance from Davis, whose defense was concerned exclusively with contesting the allegations of his own negligence and breach of warranty. For example, to combat the breach of warranty charge, Davis' attorney read from the transcript of a deposition in which the plaintiff had been unsure if Davis had sold him the elevator "as is." On the issue of negligence, Davis' attorney elicited from plaintiff's expert that Davis could not have discovered the dangerous condition of the critical bolt without completely disassembling or X-raying the pulley mechanism.

Following the presentation of all the evidence, the court granted Davis' motion for nonsuit on the breach of warranty cause of action, but denied a similar motion on the one alleging negligence. However, prior to the submission of the case to the jury, plaintiff voluntarily dismissed the negligence claim. The jury found both Air Technical and Davis strictly liable and awarded plaintiff $7,516 in damages.

In a separate trial on the cross-complaint, the court rejected Air Technical's argument that Davis had been actively negligent and, therefore, could not prevail on a claim for indemnification.[2] The court found "no negligence on the part of [Davis]," and awarded Davis indemnification for the amount of the damages and $19,804.77 in attorney's fees. Air Technical appeals this award of attorney's fees.

II

It is clear from the record that Davis did not litigate for Air Technical's benefit but, in fact, attempted to cast sole responsibility for the accident upon Air Technical. This court must decide whether Davis was properly granted attorney's fees incurred exclusively in defending against allegations of his own negligence and breach of warranty.[3]

[2]The trial took place in March 1976, two years before this court's decisions in *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578 [146 Cal. Rptr. 182, 578 P.2d 899] and *Safeway Stores* v. *Nest-Kart* (1978) 21 Cal.3d 322 [146 Cal.Rptr. 550, 579 P.2d 441]. Under the law before these decisions, a defendant found actively negligent was not entitled to implied equitable indemnity for any amount. (E.g., *Cahill Bros., Inc.* v. *Clementina Co.* (1962) 208 Cal.App.2d 367, 382 [25 Cal.Rptr. 301].)

[3]The issue as to whether attorney's fees may be recovered by an implied indemnitee who defends on behalf of the indemnitor is not before this court.

 The Legislature has established that in the absence of an express agreement or statute, each party to a lawsuit is responsible for its own attorney's fees. (Code Civ. Proc., § 1021;[4] e.g., *LeFave* v. *Dimond* (1956) 46 Cal.2d 868, 870 [299 P.2d 858, 60 A.L.R.2d 939].) In the present case, there is neither an express contract between the parties nor any statute authorizing an award of attorney's fees.

 Although limited exceptions have been made to the rule embodied in section 1021,[5] this court has never held that attorney's fees may be awarded in ordinary products liability cases. Davis urges this court to adopt a broad new exception authorizing attorney's fees for defendants who prevail on claims for implied indemnity.

Even if this court were to carve out such an exception for indemnified tort defendants, a review of the purpose behind this exception reveals that it would not apply in cases where the indemnitee incurred attorney's fees solely in defense of his own alleged wrongdoing. The exception was intended to authorize the reimbursement of the defense costs of a party held constructively liable "because of the actual default of another *for whose benefit the defense [was] really conducted . . . .*" (*C. & O. C. Co.* v. *County Comm'rs.* (1881) 57 Md. 201, 226, italics added.) As recognized in the leading case of *Westfield* v. *Mayo* (1877) 122 Mass. 100, 105, there was no basis for awarding attorney's fees where the indemnitee had actually defended *for its own benefit* rather than for that of another: "When . . . the claim against [the indemnitee] is upon his own contract, or for his own misfeasance, . . . counsel fees paid in defence of the suit against himself are not recoverable."

The better reasoned, modern decisions have followed *Westfield* and have refused to compel manufacturers to pay attorney's fees to indemnified suppliers and distributors who have defended against allegations that they were independently liable for negligence or breach of warranty. (*Rauch* v. *Senecal* (1962) 253 Iowa 487, 491-495 [112 N.W.2d 886,

---

[4]Code of Civil Procedure section 1021: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to costs and disbursements, as hereinafter provided."

Unless otherwise specified, all statutory references in this opinion are to the Code of Civil Procedure.

[5]The exceptions which this court recognized in *Serrano* v. *Priest* (1977) 20 Cal.3d 25 [141 Cal.Rptr. 315, 569 P.2d 1303], are not relevant to this case. The exception developed in *Prentice* v. *North Amer. Title Guar. Corp.* (1963) 59 Cal.2d 618 [30 Cal.Rptr. 821, 381 P.2d 645] is discussed *post*.

888-890]; *Krug* v. *Sterling Drug, Inc.* (Mo. 1967) 416 S.W.2d 143, 156-157; *Sorenson* v. *Safety Flate, Inc.* (1975) 306 Minn. 300, 306 [235 N.W.2d 848, 852]; *Shaffer* v. *Honeywell, Inc.* (1976) — S.D. —, — [249 N.W.2d 251, 260].) To shift attorney's fees in such cases would be inconsistent with the general rule that tort defendants, even if vindicated, must pay for their own defense. (E.g., *LeFave* v. *Dimond, supra,* 46 Cal.2d at p. 870.)

██ ██ Accordingly, in ordinary products liability cases, a manufacturer is not liable for attorney's fees incurred by an indemnified party solely in defense of alleged wrongdoing on its part.[6] Since Davis defended exclusively against allegations of his own negligence, he is not entitled to recover attorney's fees.[7]

*Prentice* v. *North Amer. Title Guar. Corp., supra,* 59 Cal.2d 618, does not compel a different result. In *Prentice,* an escrow holder's negligence in closing a land sale forced the sellers to bring a quiet title action against

[6]This court declines Davis' invitation to treat manufacturers in such cases like liability insurance carriers. The latter must pay attorney's fees if they have refused to defend an insured when aware of facts making them *potentially* liable under the insurance policy. (*Gray* v. *Zurich Insurance Co.* (1966) 65 Cal.2d 263, 276-277 [54 Cal.Rptr. 104, 419 P.2d 168]; *Mullen* v. *Glens Falls Ins. Co.* (1977) 73 Cal.App.3d 163, 172 [140 Cal.Rptr. 605].) Otherwise, the insured would not receive the benefits he has bargained for: (1) "the expertise and resources available to insurance carriers in making prompt and competent investigations . . ." (*Mullen* v. *Glens Falls Ins. Co., supra,* 73 Cal.App.3d at p. 174); and (2) avoidance of the capital outlay in employing his own attorney (*Gray* v. *Zurich Insurance Co., supra,* 65 Cal.2d at p. 278).

The present record reveals no comparable bargain between Davis and Air Technical. Absent an express indemnity agreement, a manufacturer is not obligated to defend parties in its chain of distribution whenever the manufacturer is potentially liable for a defective product.

The absence of an express indemnity contract distinguishes the present case from those relied upon by the dissent. (Dis. opn., *post,* pp. 9-10.) Where one party has agreed to indemnify the other against liability, Civil Code section 2778, subdivisions 3 and 4 require the indemnitor to defend the indemnitee or pay the cost of the indemnitee's defense. (*Security B. & L. Assn.* v. *Maryland C. Co.* (1935) 6 Cal.App.2d 77, 79-80 [44 P.2d 370]; *Safeway Stores, Inc.* v. *Massachusetts Bonding & Ins. Co.* (1962) 202 Cal.App.2d 99, 114-116 [20 Cal.Rptr. 820]; see *Buchalter* v. *Levin* (1967) 252 Cal.App.2d 367, 371 [60 Cal.Rptr. 369].) However, this statutory duty exists only if there is an indemnity agreement and does not apply to a party such as Air Technical which is held liable under noncontractual indemnity principles.

[7]Davis relies on passing observations in several Court of Appeal decisions that an indemnified party is entitled to recover his attorney's fees. (See *Isthmian Lines, Inc.* v. *Schirmer Stevedoring Co.* (1967) 255 Cal.App.2d 607, 609, 612 [63 Cal.Rptr. 458]; *Raynolds* v. *Volkswagenwerk Aktiengesellschaft* (1969) 275 Cal.App.2d 997, 1006 [80 Cal.Rptr. 610]; *Trails Trucking, Inc.* v. *Bendix-Westinghouse etc. Air Brake Co.* (1973) 32 Cal.App.3d 519, 525 [108 Cal.Rptr. 30].) However, these decisions do not address that issue or discuss the distinction between a party who defends for his own benefit and a party who defends on behalf of another. Accordingly, these cases are not sound authority for the rule propounded by Davis.

third parties. As part of the same suit, the sellers recovered from the negligent escrow holder the attorney's fees they incurred in suing the third parties. But for the award of attorney's fees, the party responsible for the original litigation would have escaped all liability, except for costs. (*Id.,* at p. 621.) In these circumstances, this court upheld the shifting of legal fees.

No appellate decision has expanded *Prentice* to hold that implied indemnitees in products liability cases may recover their attorney's fees. Davis urges such an extension. From the distinguishable factual setting of *Prentice,* he extracts a statement which he argues should authorize the award of legal fees by the trial court.[8] However, the *Prentice* exception was not meant to apply in every case in which one party's wrongdoing causes another to be involved in litigation with a third party. If applied so broadly, the judicial exception would eventually swallow the legislative rule that each party must pay for its own attorney.[9] (§ 1021; *Reid* v. *Valley Restaurants, Inc.* (1957) 48 Cal.2d 606, 610 [311 P.2d 473].) To avoid this result, *Prentice* limits its authorization of fee shifting to cases involving "exceptional circumstances." (*Prentice* v. *North Amer. Title Guar. Corp., supra,* 59 Cal.2d at p. 620.)

Far from involving "exceptional circumstances," the present case is a products liability action of the garden variety. A manufacturer and retailer were held strictly liable for injuries caused by the manufacturer's defectively designed product. Since ultimate responsibility for the defect was placed on the manufacturer, it was required to pay plaintiff's damages. If the court upheld an award of attorney's fees in this wholly unexceptional case, the legislative mandate of section 1021 would be completely undermined. (See *Trails Trucking, Inc.* v. *Bendix-Westinghouse etc. Air Brake Co., supra,* 32 Cal.App.3d at p. 524.)

The fact that Davis' attorney's fees were substantially greater than the damages awarded to the plaintiff does not justify a judicial departure from the statutory rule. Davis incurred those substantial fees defending himself against allegations that he was personally culpable. Under the

---

[8]"A person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover compensation for the reasonably necessary loss of time, attorney's fees, and other expenditures thereby suffered or incurred. [Citations.]" (*Id.,* at p. 620.)

[9]For example, the *Prentice* language cited by respondent and quoted in footnote 8, *ante,* could be read to entitle exonerated defendants in commonplace, multiparty tort actions to recover their attorney's fees from unrelated codefendants who were held liable. Such a rule was not intended by this court.

statute, he is responsible for the cost of his own defense, whatever the amount.

In arguing for a different result, the dissent fails to mention section 1021 and characterizes Davis' attorney's fees as part of the "actual damages" he suffered. (Dis. opn., *post,* p. 8.) However appealing in the abstract, this characterization is contrary to legislative policy and judicial precedent. ■ It has long been held under section 1021 that attorney's fees are not an ordinary item of actual damages. (*Hays* v. *Windsor* (1900) 130 Cal. 230, 235-236 [62 P. 395]; *Woodward* v. *Bruner* (1951) 104 Cal.App.2d 83, 85 [230 P.2d 861].) If they were, the injured plaintiff would also be entitled to recover his attorney's fees. This is simply not the law in California.

That part of the judgment awarding attorney's fees to respondent is reversed.

Tobriner, J., Clark, J., Richardson, J., and Newman, J., concurred.

**MOSK, J.**—I dissent.

The majority offer no criticism of the judgment on the cross-complaint holding that the retailer, Davis, is entitled to indemnification from the manufacturer of the defective product, Air Technical. But then, inexplicably, they award the indemnitee less than a third of his actual damages. I can find no persuasive theory to support that result.

Air Technical lacks the engineering resources of a Westinghouse or General Electric Company; in this instance its portable elevator was conceived by personnel enjoying a coffee break. Unfortunately their inspiration, when ultimately marketed, contained two design defects and a manufacturing defect, all of which could have been avoided by modest corrections. For example, the use of bushing to protect the crucial bolt from undue pressure would have cost less than a dollar, circa 1973.

As it entered the stream of commerce the portable elevator with those defects was destined to cause an accident, only its victims remained to be determined. Akira Nagatsuka became one victim of the accident; he suffered physical injury. Bruce Davis, the retailer through whose hands the defective product passed, is also a victim of the accident; he suffered financial injury. Nagatsuka has recovered fully for his injury. Davis is

recovering only a fraction for his injury. It is this anomalous result with which I disagree.

The principal error of the majority is in looking to the charges in the complaint against Davis, rather than to the actual facts known by the indemnitor, as developed during the course of the litigation. That the face of a complaint does not control the duty to defend—and impliedly, the obligation to indemnify—was established by this court in *Gray* v. *Zurich Insurance Co.* (1966) 65 Cal.2d 263 [54 Cal.Rptr. 104, 419 P.2d 168], and reaffirmed most recently in *Mullen* v. *Glens Falls Ins. Co.* (1977) 73 Cal.App.3d 163, 169 [140 Cal.Rptr. 605].

Originally, out of an abundance of caution, Nagatsuka sued both Air Technical and Davis. But Davis was completely exonerated of responsibility. On the breach of warranty cause of action his motion for a nonsuit was granted. The negligence cause of action was voluntarily dismissed by Nagatsuka. On the cross-complaint Air Technical's contention that Davis was negligent was rejected by the trial court. By simple process of elimination, then, it is clear that Davis was in the lawsuit solely because Air Technical manufactured a defective product and it passed through his hands. As a result the majority of this court agree, and Air Technical apparently now concedes, that indemnification of Davis is compelled. That being so, Davis is entitled to recover all, not a small portion, of the damage he suffered.

The majority find a problem with recovery of attorney's fees as an item of expense. Davis did not gratuitously undertake a defense and incur obligations for attorney's fees; he requested Air Technical to defend him and it declined to do so. As established by subsequent events, though it was known or should have been known by the defendants at all times, Air Technical was alone responsible for the accident and thus it should have undertaken the entire defense. Under these circumstances all Davis is required to prove in this proceeding is the judgment and the amount of his loss. (*Security B. & L. Assn.* v. *Maryland C. Co.* (1935) 6 Cal.App.2d 77, 79 [44 P.2d 370]; also see *Safeway Stores, Inc.* v. *Massachusetts Bonding & Ins. Co.* (1962) 202 Cal.App.2d 99, 115 [20 Cal.Rptr. 820].) In *Buchalter* v. *Levin* (1967) 252 Cal.App.2d 367, 371 [60 Cal.Rptr. 369], the court stated the rule: if " 'the indemnitor is properly notified and does not avail itself of the opportunity to defend an action, thus causing the indemnitee to incur the costs and attorneys' fees necessary in presenting his own defense, this is considered a cost of defense incurred in good faith

and in the exercise of reasonable discretion, for which the indemnitee may recover.' "

The majority rely on an 1877 Massachusetts case. I find a 1963 unanimous opinion of this court not only more contemporary but more relevant. In *Prentice* v. *North Amer. Title Guar. Corp.* (1963) 59 Cal.2d 618, 620 [30 Cal.Rptr. 821, 381 P.2d 645], we declared: "A person who through the *tort of another* has been required to act *in the protection of his interests* by bringing or *defending* an action against a third person is entitled to recover compensation for the reasonably necessary loss of time, *attorney's fees,* and other expenditures thereby suffered or incurred. [Citations.]" (Italics added.) We made it abundantly clear, in the foregoing quotation, that even though an indemnitee may be protecting his own interests by defending a lawsuit, he is entitled to recover his expenditures, including attorney's fees, if his involvement is due to the tort of another.

The majority seek to avoid the unequivocal *Prentice* rule by declaring it covers only "a limited class of cases." True enough. But this case comes squarely within that limited class. Indeed, it is surprising that a serious contention to the contrary would be asserted. As the Court of Appeal observed in *Isthmian Lines, Inc.* v. *Schirmer Stevedoring Co.* (1967) 255 Cal.App.2d 607, 609 [63 Cal.Rptr. 458]: "The position taken . . . that in cases of this type a party is entitled to its expenses, including attorney's fees so far as they were incurred defensively but not so far as they were incurred by pressing a claim for indemnity, is well recognized. [Citations.]"

Davis is not claiming attorney's fees for pressing his indemnity claim, but only those fees incurred in defending the lawsuit in which he was absolved of all responsibility and in which the sole responsibility was found to be that of the indemnitor. These are paradigm circumstances for full indemnification.

What mystifies me is how partial indemnification can be justified and full indemnification rejected. The indemnitee here suffered damages in the amount of $27,320.77—judgment of $7,516 and attorney's fees and expenses in the sum of $19,804.77—and he should be reimbursed fully by virtue of indemnity. Contrary to the considered conclusion of the trial court and of a unanimous Court of Appeal, the majority award the indemnitee only $7,516. Thus, because Air Technical manufactured a defective product, Davis, an innocent party, continues to suffer a loss of

$19,804.77, and Air Technical, the party responsible, has been permitted to evade its obligation to make him whole. This is patently unjust.

I would affirm the judgment.

Manuel, J., concurred.