Filed 12/5/22 Nassif v. Mission Pools of Escondido CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| TOBIAS NASSIF et al., | |
| Plaintiffs and Respondents, | G060433 |
| v. | (Super. Ct. No. 30-2016-00880613) |
| MISSION POOLS OF ESCONDIDO, | O P I N I O N |
| Defendant and Respondent, | |
| v. | |
| SAL VARGAS et al., | |
| Defendants and Appellants. | |

Appeal from a judgment of the Superior Court of Orange County, Robert J. Moss, Judge. Affirmed.

Haight Brown & Bonesteel and Arezoo Jamshidi for Defendants and Appellants, Sal Vargas dba New Vision Landscape and New Vision Landscape, Inc.

Hallstrom, Klein & Ward and Betty J. Levine for Plaintiffs and Respondents, Tobias and Julie Nassif.

Resnick & Louis and Kenneth O. Taylor III for Defendant and Respondent, Mission Pools of Escondido.

* * *

Pursuant to an agreement to settle claims relating to the design and construction of a swimming pool, respondents Tobias and Julie Nassif (Nassifs) filed a motion for attorney fees. Respondent Mission Pools of Escondido (Mission Pools), the swimming pool contractor, opposed the fee motion, and also sought reimbursement from appellants Sal Vargas dba New Vision Landscape and New Vision Landscape, Inc. (New Vision), who was the subcontractor. The trial court granted attorney fees and apportioned the fee award between Mission Pools and New Vision. New Vision appealed, arguing there was no legal basis for the apportionment order because there was no contractual, statutory or equitable basis for the Nassifs to recover attorney fees from them. As discussed below, we conclude there is a statutory basis for recovery of attorney fees. Accordingly, we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

On January 8, 2016, the Nassifs entered into a contract with respondent Mission Pools to construct a new swimming pool. The contract contained an attorney fee provision in the event of litigation related to the construction. Mission Pools hired appellants as the subcontractor for excavation, masonry and deck work. The Nassifs also hired appellants to demolish and replace their existing patio. They entered into a separate contract that did not contain an attorney fee provision.

2

On October 12, 2016, the Nassifs sued Mission Pools and appellants for substandard work on the pool. Mission Pools filed a cross-complaint against appellants for equitable indemnity, implied indemnity, and contribution on the basis of comparative fault. Mission Pool asserted it was "entitled to equitable indemnification, partial indemnification, and/or contribution from [appellants] for any expense that [Mission Pools] incurs in the settlement of the primary action."

The parties eventually entered into a global settlement to resolve "[c]ertain disputes . . . with regard [to] the design and construction of a swimming pool and hardscape." The "Settlement Agreement and General Release (the 'Agreement')" stated that it was the intention of all parties to "settle and extinguish the obligations, disputes, and differences between and among the Parties related to or arising out of the Action." "Action" was defined to include the Nassifs' complaint and Mission Pools's cross-complaint.

Under paragraph 2 of Section II of the Agreement, the defendants agreed to pay the Nassifs $75,000, with Mission Pool paying $35,000 and appellants paying $40,000. The Agreement stated: "The total settlement amount is in payment only regarding Plaintiffs' alleged damages for repairs associated with the swimming pool and hardscape."

Under paragraph 3, the parties agreed as follows:

"The Parties agree and stipulate that Plaintiffs may file a motion to seek recovery of their reasonable attorney's fees incurred in connection with and arising out of the Action. Defendant Mission Pools retains the right to oppose the reasonableness of the amount of attorney's fees sought by Plaintiffs, but does not oppose Plaintiffs' entitlement to recover attorney's fees. Defendants/Cross-Defendants Vargas and New Vision reserve the right to oppose the reasonableness of the amount of attorney's fees sought by Plaintiffs and to oppose Plaintiffs' entitlement to recover attorney's fees as against Vargas and/or New Vision. Mission Pools reserves all rights to seek indemnity and/or

3

reimbursement from New Vision for any attorney's fees awarded to Plaintiffs, pursuant to its Cross-Complaint against New Vision. Vargas and New Vision reserve all rights to oppose any claim by Mission Pools for indemnity and/or reimbursement for any attorney's fees awarded to Plaintiffs. Further, at all times hereunder the Court shall retain jurisdiction under Section 664.6 of the Code of Civil Procedure to enforce the terms specified in this Agreement."

Finally, the parties agree that "[s]ubject to Plaintiffs' receipt of all consideration specified in Paragraph 2 herein above, and upon the Court's determination of Plaintiffs' motion for attorney's fees specified in Paragraph 3 above, the Parties herein understand and agree that this Agreement is in full accord, satisfaction and discharge of all claims for damages (including compensatory damages, general and special damages, treble damages and punitive damages), equitable and other relief that are or could be asserted in the Action. In furtherance thereof, Plaintiffs and Mission Pools shall file requests for dismissal, with prejudice, of their Complaint and Cross-Complaint, respectively."

Subsequently, the Nassifs filed their attorney fee motion seeking $337,792 in fees and costs. Appellants were the first to file their opposition to the attorney fee motion. In their opposition, appellants argued there are no contractual, statutory, or equitable grounds upon which the Nassifs can recover their fees against appellants. Alternatively, appellants argued the fees requested were excessive and unreasonable.

In addition, the opposition specifically states that "[i]t is anticipated that Mission Pools will assert that any attorney's fees awarded to Plaintiffs should be apportioned to New Vision based on the equitable indemnity cause of action contained in Mission Pools' Cross-Complaint against New Vision." Appellants argued the trial court should deny the equitable indemnity claim because requiring them to "reimburse Mission Pools for attorney's fees that Mission Pools is contractually obligated to pay Plaintiffs

4

would be to disregard the prerequisite that the recovery of attorney's fees be based on contractual, statutory, or equitable authority."

In its opposition, Mission Pools argued that the requested fees were unreasonable. As to appellants, Mission Pools argued that they should pay a proportional amount of any fee award on the basis of equitable indemnity because they were the primary tortfeasor. Mission Pools argued it was not "attempting to shift any of its own attorney's fees" to appellants, but "rather pursuant to the stipulation of the parties in the settlement agreement that they may do so. Therefore, any award of attorney's fees given to Plaintiffs is simply a further component of damages which was contemplated by all parties at the time of settlement."

The Nassifs filed a reply, arguing appellants were jointly liable for attorney fees because the claims against Mission Pools and appellants were "so intertwined . . . that it would be highly impracticable to separate the fees incurred to prosecute those claims." The Nassifs argued that besides performing services as a subcontractor on the pool contract, appellants performed under a "direct contract with the Nassifs for the pool deck at the sole recommendation of Mission Pools. . . . The deficiencies with the pool construction and the deck are both factually and structurally intertwined in that certain of the problems with the pool also caused problems with the deck. . . . Moreover, the pool and deck construction are unequivocally part of the same transaction."

Prior to the hearing on the Nassifs' attorney fee motion, the trial court issued its tentative ruling. The court awarded the Nassifs $268,051 in fees and costs. As to Mission Pools's equitable indemnity claim against appellants, the court found that "[r]ather than trying its indemnity claims, the parties have agreed to have this issue determined by the court." The court found Mission Pools did not provide "sufficient evidence . . . as to what proportionate share of plaintiffs' attorney fees should be borne by [appellants.]" It concluded that "as the only evidence currently before the court as to apportionment is Para[graph] 2 of the settlement agreement, the court applies

5

the same apportionment to plaintiffs' attorney fees as in the settlement agreement. Accordingly, [Mission Pools] is liable for $125,099.59 of plaintiffs' fees. [Appellants] are liable for the remaining $142,951.81."

At the hearing, appellants' counsel argued the trial court incorrectly found plaintiffs were entitled to attorney fees from appellants, noting the contract between the Nassifs and appellants did not have an attorney fee provision. The court responded, "Counsel, I understood that clearly. That was not the basis for my apportionment of some of the fees to your client. It's because of the indemnity claim by the other defendant." Appellants' counsel then argued there was no legal basis to apportion fees based on the equitable indemnity claim because equitable indemnity does not create an exception to the general rule that parties pay their own legal fees. After further argument, the court reaffirmed that the legal basis for finding plaintiffs are entitled to attorney fees from appellants was the claim of equitable indemnity. The trial court affirmed its tentative ruling in a minute order.

After judgment was entered on May 26, 2021, appellants appealed.

II

DISCUSSION

Appellants contend the trial court erred in apportioning attorney fees because (1) the Nassifs cannot recover attorney fees directly from appellants; (2) the terms of the settlement agreement did not permit the trial court to apportion attorney fees but simply reserved Mission Pools's right to seek indemnity via trial pursuant to its Cross-Complaint; and (3) the trial court's order deprived appellants of their right to a trial on the equitable indemnity claim and due process rights by failing to make a determination as to Mission Pools's indemnity rights vis-a-vis attorneys' fees.

We first address appellants' claim, based on the second and third contentions above, that they are entitled to trial on the equitable indemnity claim. After

6

independently reviewing the settlement agreement, we conclude appellants have waived their right to trial on that claim in the agreement. (See *Citizens for Goleta Valley v. HT Santa Barbara* (2004) 117 Cal.App.4th 1073, 1076 ["because there is no conflicting extrinsic evidence, we must independently construe the settlement agreement"].) The Agreement provides that in exchange for $75,000 and attorney fees, which amount would be determined by the trial court, the parties would "discharge" "all claims for damages (including compensatory damages, general and special damages, treble damages and punitive damages), equitable and other relief that are or could be asserted in the Action," and "[i]n furtherance thereof, Plaintiffs and Mission Pools shall file requests for dismissal, with prejudice, of their Complaint and Cross-Complaint, respectively." It is self-evident there is no right to trial on a dismissed complaint or cross-complaint.

Nor does Mission Pools's reservation of its right to seek indemnity for attorney fees "pursuant to its Cross-Complaint" limit Mission Pools to seek indemnity via trial. When viewed in context of the parties' stated intention to end litigation, the reservation of right only limits the legal theories on which Mission Pool may seek reimbursement of fees from appellants, i.e., the theories advanced in the Cross-Complaint. The reservation of right does not preclude the trial court from determining Mission Pools's entitlement to reimbursement for fees when addressing the Nassifs' attorney fee motion. Indeed, the Agreement expressly authorizes the trial court to do so because the reservation of right is placed in the paragraph 3 of the Agreement, which only addresses the Nassifs' attorney fees.

We reject appellants' contentions that the trial court did not determine Mission Pool's indemnity right regarding attorney fees and deprived them of due process in opposing the indemnity claim. The trial court ruled on the indemnity claim when it concluded the fees should be apportioned between appellants and Mission Pools in the same ratio as the apportionment of the $75,000. Appellants were not deprived of due process because they responded to the anticipated indemnity claim in their opposition to

7

the Nassifs' attorney fee motion, and responded to the actual indemnity claim at the hearing on the motion.  (See *Goldberg v. Kelly* (1970) 397 U.S. 254, 267 ["'The fundamental requisite of due process of law is the opportunity to be heard'"].)[1]

We turn to appellants' strongest argument on appeal:  there was no legal basis for the apportionment order because the Nassifs cannot recover attorney fees from appellants.  The trial court concluded the equitable indemnity claim provided a sufficient legal basis for apportioning fees.  As noted above, appellants argued the doctrine of equitable indemnity does not permit the transfer of Mission Pools' contractual obligation to reimburse the Nassifs' attorney fees and costs from Mission Pools to appellants.  Appellants' argument has merit.  As the California Supreme Court has explained, equitable indemnification "'is not automatically available . . . for all tortfeasors who injure the same plaintiff.'" (*Western Steamship Lines, Inc. v. San Pedro Peninsula Hospital* (1994) 8 Cal.4th 100, 109.)  "[I]rrespective of the equities between or among multiple tortfeasors, the right is subject to qualification, and countervailing considerations may limit recovery." (*Ibid*.)  "[C]ourts have long recognized that 'the doctrine is not available where it would operate against public policy.  [Citation.]" (*Id*. at pp. 109-110.)  One such policy is the "American rule," "embodied in section 1021 of the Code of Civil Procedure, which provides that each party is to bear his own attorney fees unless a statute or the agreement of the parties provides otherwise." (*Gray v. Don Miller  & Associates, Inc.* (1984) 35 Cal.3d 498, 504, fn. omitted.)  Stated differently, while the doctrine of equitable indemnity provides a legal basis for apportioning attorney fees among tortfeasors who are jointly liable for the fees, it does not provide a sufficient legal basis

---

[1] It is unclear whether appellants object to the apportionment ratio, which the court determined based on the percentage the respective parties contributed to the $75,000 settlement amount.  To the extent appellants object, we conclude appellants failed to show the trial court abused its discretion in determining the ratio. (See *Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal.App.4th 140, 148 ["We review an order granting or denying fees for an abuse of discretion"].)

for requiring a party who is not liable for attorney fees to pay another party's obligation to reimburse another's attorney fees.

We reject Mission Pool's argument that the settlement agreement permitted the transfer of its contractual obligation to pay the Nassifs' attorney fees to appellants because the attorney fees was an element of damages. The Agreement provided that the $75,000 was for damages. As to the attorney fees, the Agreement never stated the attorney fees were compensation for damages. The Agreement does provide that the payment of $75,000 and attorney fees would result in an accord, satisfaction of discharge of all claims for damages but the fee portion of the statement could have referred only to claims against Mission Pools, which had a contractual obligation to pay appellants' attorney fees. Stated differently, the language of the Agreement is not sufficiently specific to overcome the general presumption that "attorney's fees are not an ordinary item of actual damages." (*Davis v. Air Technical Industries, Inc.* (1978) 22 Cal.3d 1, 8.)

The apportionment order thus may be sustained only if appellants are directly liable for the Nassifs' attorney fees. Although respondents have suggested several contractual, statutory or equitable bases for liability, we only address section 7168 of the Business and Professions Code. Section 7168 provides: "In any action between a person contracting for construction of a swimming pool and a swimming pool contractor arising out of a contract for swimming pool construction, the court shall award reasonable attorney's fees to the prevailing party." (Bus. & Prof. Code, § 7168.)[2] Here, the "Action" referenced in the settlement agreement between the parties falls within the scope of section 7168, and based on the settlement, the trial court properly could find the Nassifs were the prevailing party on their claims against appellants related to the swimming pool.

---

[2] All further statutory references are to the Business and Profession Code.

Appellants argue they are not "a swimming pool contractor" for the purposes of section 7168. Section 7150.1 provides in relevant part that a "home improvement contractor, including a swimming pool contractor, is a contractor as defined and licensed under this chapter who is engaged in the business of home improvement either full time or part time." "[A] contractor is any person who undertakes to or offers to undertake to, . . . or does himself or herself or by or through others, construct, alter, repair, add to, subtract from, improve, move, wreck or demolish any . . . structure, project, development or improvement, or to do any part thereof. . . . 'Contractor' includes *subcontractor* and specialty contractor." (§ 7026, italics added.) It is undisputed appellants were the subcontractor for the pool work. Appellants thus are liable for the Nassifs' attorney fees under section 7168 and accordingly, there was a legal basis for the trial court to apportion those fees between Mission Pools and appellants.[3]

---

[3] Appellants argue this argument was never advanced in the trial court, and the court did not rely on section 7168 to support its apportionment order. However, "we review a trial court's ruling, not its reasoning, and we may uphold the ruling 'on any basis presented by the record whether or not relied upon by the trial court.'" (See *Alamo v. Practice Management Information Corp.* (2013) 219 Cal.App.4th 466, 481, fn. 5.) Our denial of costs to respondents, however, reflects these factual circumstances.

III

DISPOSITION

The judgment is affirmed.  Each party shall bear their own costs on appeal.


MARKS, J.*


WE CONCUR:


SANCHEZ, ACTING P.J.


MOTOIKE, J.


*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.